IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTRELL E. WILLIAMS,

                      Plaintiff,                              OPINION AND ORDER

  v.

                                                         14-cv-312-wmc

WARDEN TIM HAINES, *et al.*,

                      Defendants.

---

On July 25, 2016, this court permitted *pro se* plaintiff Quentrell Williams to proceed on Eighth Amendment claims for excessive force against defendant Esser, and for failure to intervene against defendants Lentz and Jane Doe. The court specifically found that Williams stated Eighth Amendment claims with respect to the following incidents:

- Officer Lentz failed to protect Williams from self-harm on March 3, 2013 when he gave Williams a glass nasal spray bottle that Williams used to cause self-harm;

- Lt. D. Esser used excessive force against Williams on March 3, May 25 and June 29, 2013, by spraying Williams with an incapacitating agent, and on June 25, 2013, by forcibly removing Williams from his prison cell; and

- Nurse Jane Doe failed to intervene and protect Williams from the chemical agent incidents involving Esser.

(*See* Order, dkt. #37, at 5-7.)

Defendants subsequently filed a Motion for Partial Summary Judgment on exhaustion grounds as to the March 3, 2013, incident only. (Dkt. #44.) Williams failed to file an opposition brief or otherwise dispute any facts advanced by defendants in support of its motion, and for the following reasons, defendants' motion will now be granted.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust state administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint must "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e).

If the institution complaint examiner rejects a grievance for procedural reasons

2

without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation on the complaint to the reviewing authority. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority whose decision can be appealed by the inmate to the correctional complaint examiner (corrections examiner). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

Unlike plaintiff's other claims, the record supports defendants' position that Williams never submitted a grievance with respect to the March 3, 2013, incident. Defendants submitted Williams' Inmate Complaint History Report and his offender complaints. (Dkts. #45-1, #45-2.) Neither his report nor complaints described a March 3, 2013, incident where Esser sprayed Williams with an incapacitating agent and a nurse then failed to help him. Defendants also submitted a letter to Williams on May 5, 2013, returning his complaint materials because "[c]omplaints shall contain only one issue and that issue shall be clearly identified." (Dkt. #45-3, at 1.) The returned complaint, dated March 3, 2013, did not describe the use of an incapacitating agent either. Rather, the complaint includes only the following statement: "Lt. Esser is torturing me by denying clothes, etc. naked in observation, resulting from mental illness." (*Id.* at 2.) As none of Williams' grievances even referenced a March 3, 2013, incident where Esser used a chemical spray and Jane Doe failed to help him, it is apparent that Williams did not exhaust this particular claim. As such, defendant's motion will be granted.

One final issue as to the claims against defendant Jane Doe generally. Following the preliminary pretrial conference in this matter, the court issued an order outlining the

3

schedule of this lawsuit and provided information to the parties about the applicable rules. (*See* Prelim. Pretrial Conf. Order, dkt. #43.) The order included a section describing the procedure by which Williams should identify the Jane Doe defendant. Specifically, the order directed plaintiff to file an amended complaint identifying Jane Doe by December 23, 2016. (*Id.* at 3.) The court warned Williams that the failure to meet this deadline may result in dismissal of the claims against this defendant. As that deadline has come and gone and Williams has made no attempt to substitute, nor it seems even identify this defendant, the court will now dismiss "Nurse Jane Doe" as a named defendant in this case.

ORDER

IT IS ORDERED that defendants' Motion for Partial Summary Judgment (dkt. #44) is GRANTED, and for the reasons outline above, defendant Jane Doe is DISMISSED from this lawsuit.

Entered this 18th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge